UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DAVID WAYNE MOSS                                                                     PLAINTIFF

v.                                                         CIVIL ACTION NO. 4:08CV-P23-M

MARK CURRY *et al.*                                                                 DEFENDANTS

## <u>MEMORANDUM OPINION</u>

This matter is before the Court for *sua sponte* screening of the complaint (DN 1) pursuant

to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the

reasons that follow, a portion of the complaint will be dismissed, and a portion will continue.

## I.  <u>SUMMARY OF CLAIMS</u>

Plaintiff David Wayne Moss is a convicted prisoner currently incarcerated at the Green

River Correctional Complex.  He brings a *pro se* action under 42 U.S.C. § 1983 against the

following Defendants in their individual and official capacities:  Muhlenberg County Jailer Mark

Curry; Muhlenberg County Sheriff Eddie Perry and Officer Terry Nunley; Muhlenberg County

Detention Center employee Kay Todd; Kentucky State Police Officer Brandon McPherson; and

Central City Police Sgt. Beamer.  He also sues Rosa Buchanan but fails to identify her or specify

in which capacity she is being sued.  Plaintiff raises multiple claims which are described in

greater detail later in the opinion.  As relief, Plaintiff seeks monetary and punitive damages and

release from illegal detention.

## II.  <u>STANDARD OF REVIEW</u>

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

2

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. <u>ANALYSIS</u>

### A.      Defendants Nunley, Beamer, and Buchanan

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy*

*Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  This means that Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right."  *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002).  The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). With respect to governmental officials, the Sixth Circuit noted:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions.  When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit.  Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Chapman*, 808 F.2d at 465.

Plaintiff has alleged no facts involving Defendants Nunley, Beamer, or Buchanan but merely identifies them as Defendants in the caption and parties section of the complaint.  He has, therefore, failed to give these three Defendants fair notice of his claims against them and the grounds upon which they rest.  As Plaintiff has failed to state a claim upon which relief may be granted against Defendants Nunley, Beamer, or Buchanan, dismissal is warranted as to those Defendants.

**B.**      **Claims relating to Plaintiff's criminal action**

Plaintiff alleges constitutional violations occurring in conjunction with his criminal case in Muhlenberg Circuit Court (Case No. 07-CR-052).  He alleges illegal pretrial identification procedures, an illegal stop, verbal harassment, and lack of evidence and a biased jury.

4

### 1. Injunctive relief

Plaintiff requests injunctive relief in the form of release from illegal detention. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release, the § 1983 claim cannot lie and will be dismissed without prejudice. The Court will direct the Clerk of Court to send Plaintiff a form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, should Plaintiff desire to file such an action.

### 2. Damages

#### a. Illegal pretrial identification procedures

As his first claim, Plaintiff alleges, "Eyewitness Identifications, Impermissbly suggestive as a substantial likelihood of Irreparable misidentification, unnecessarily suggestive police practices, Including pretrial Identification procedures, are a violation of due process guaranteed by the Fifth and Fourteenth Amendments   Dates (2 April 07) & (24 may 07)   Photo's (28 April 07) After Fact."

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted; alteration in *Twombly*). Nothing in Plaintiff's statement regarding allegedly illegal pretrial identification procedures provides Defendants with fair notice of the basis of Plaintiff's claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002). Accordingly, this claim must be dismissed for failure to state a claim upon which relief may be granted.

**b.  Illegal stop**

For his second claim, he alleges, "unnecessarily suggestive police practices, Including a Illegal stop on one David Moss, no probable cause was ever given for stop The only reason was a Large Black male was a passager violates Fifth & Fourteeth Amendments (2 April 07)."  He alleges that Defendant State Trooper McPherson made racist remarks when he said, "you peice of shit you made me accessary for your crime nigger If this cell phone belongs to the victim your Black ass is going to get 50 yrs."

The official-capacity claims against Defendant McPherson must be dismissed because that Defendant, as a state official sued in his official capacity for damages, (1) is absolutely immune from liability under the Eleventh Amendment to the United States Constitution, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); and (2) is not a "person" subject to suit within the meaning of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Court will, however, allow a Fourth Amendment illegal seizure claim and a Fourteenth Amendment equal protection claim regarding the allegedly illegal stop on April 2, 2007, to proceed against Defendant McPherson in his individual capacity for damages.

**c.  Verbal harassment**

Third, Plaintiff asserts that Defendant Sheriff Perry said that "I look like a big black ass woman I need a dress on he taunted me befor, dring [and] after trial he is the very reason I ask the Judge to leave me trial before It was over It should be on court films."  Although reprehensible and not condoned, verbal abuse alone is insufficient to state a constitutional violation under § 1983.  *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Searcy v.*

6

*Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) (listing

cases).  While a pattern of racial harassment involving racial slurs may violate the constitution,

*see Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992), Plaintiff has made no such claim of any

pattern here with respect to Defendant Sheriff Perry.  Accordingly, this claim must be dismissed.

### d.  Lack of evidence and jury bias

Plaintiff also alleges that "nothing link me to this crime what so ever prejudice played a

big part me being black with a white fiancé and a mixed son"; that "people was on the panel of

31 jurors that knew the victim and her family . . . wasnt a black even on the list of 60"; and that

jurors "illegally [gave] me 20 years because I'm Black, to them all Blacks look alike It only took

15 minutes to fine me guilty for something I did not do."

Plaintiff fails to connect any wrongdoing with respect to the foregoing claims to any of

the named Defendants.  Further, these claims are more properly raised on direct appeal and on

collateral review in state court and by way of a writ of habeas corpus in federal court under 28

U.S.C. § 2254, after exhaustion of available state-court remedies.  Plaintiff's claims are also

barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, a state prisoner may not file

a § 1983 suit challenging his conviction or sentence if a ruling on his claim would render the

conviction or sentence invalid, until and unless the conviction or sentence has been reversed on

direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been

called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. at

486-87.  Plaintiff fails to allege that his conviction has been overturned, expunged, declared

invalid, or called into question by a writ of habeas corpus.

**C.      Conditions-of-confinement claims**

Plaintiff alleges various conditions-of-confinement claims against Defendants Curry and

Todd pertaining to his incarceration at the Muhlenberg County Detention Center.

**1.  Overcharging for and providing too many stamps**

Plaintiff claims that the detention center overcharges for stamps ($4.99 plus tax) and that

on one occasion he ordered one book of stamps but received ten books of stamps for which he

had to pay $49.90.  A prisoner, however, does not have "a constitutionally protected interest in

buying stamps as cheaply as possible, as 'there is simply no legal basis for a demand that

inmates be offered items for purchase at or near cost.'"  *McCall v. Keefe Supply Co.*, 71 F. App'x

779, 780 (10th Cir. 2003) (quoting *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980)); *cf.*

*Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right

of access to a prison gift or snack shop.").  In alleging overcharging for stamps, Plaintiff fails to

state a claim upon which relief may be granted.  He also fails to state a viable constitutional

claim due to his receipt of ten books of stamps rather than just one as he ordered.  At most, he

alleges negligence.  Accordingly, these claims will be dismissed.

**2.  Mail handling**

Plaintiff speculates that Defendants Curry and Todd read outgoing mail to Frankfort, but

he describes no specific incident where his mail was read.  Plaintiff's mere speculation fails to

state any cognizable claim.  Plaintiff does advise that in July 2007 he gave Defendant Curry an

"appeals paper from VA to mail," but he alleges no wrongdoing of any sort with respect to this

incident.  He also alleges that in July 2007 a letter was returned to him because he did not

address it according to the jail's policy.[1]  He does not allege, however, that the letter was not sent

out after he made the correction to the addressee's name or demonstrate how the jail's

requirement that he spell out the addressee's full name rises to the level of a constitutional

violation.

### 3.  Information requests

Plaintiff further claims that Defendants Curry and Todd deny inmates' requests for

federal addresses (such as the addresses of the United States District Clerk, the ACLU, or the

NAACP) and deny access to "any kind of federal i[n]formation."  Plaintiff has no all-

encompassing constitutional right to information.  The Court presumes, however, that Plaintiff is

trying to assert a claim of denied access to courts.  *See Bounds v. Smith*, 430 U.S. 817, 821

(1977).  An inmate who claims his access to the courts was denied *merely* because he was denied

access to the prison library or to certain books, for example, fails to state a claim.  *Walker v.*

*Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).  Rather, the inmate "must go one step further and

demonstrate that the alleged shortcomings in the library or legal assistance program hindered his

efforts to pursue a [non-frivolous] legal claim."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In

other words, a plaintiff must demonstrate an actual injury.  *Id.*  He must show "such actual injury

as the late filing of a court document or the dismissal of an otherwise meritorious claim."

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no

actual injury occurs without a showing that such a claim "has been lost or rejected, or that the

presentation of such a claim is currently being prevented").  Thus, to the extent that Plaintiff may

---

[1]He advises that the returned letter "was sent to a civil rights guy, his name is Chistopher 2X thay made me, write out twoEx because the way I had the letter it was'nt the right way according to them. . . . they knew that this guy has people at The (NAACP) and theirs no other – reason's to it, and He never got the letter."

be claiming that his access to courts was denied because he did not receive addresses and federal information, he wholly fails to claim any actual injury therefrom, requiring dismissal of that claim.

### 4. Unsanitary conditions

Plaintiff raises various claims of unsanitary conditions.  He claims that when he worked in the chow hall, he noticed that cups and trays are not cleaned properly and have fingerprints and that hair is in food sometimes.  Plaintiff reports that inmates have to clean their cells, toilets, phones, and shower areas without gloves and with watered down cleaning supplies.  Plaintiff additionally claims that detention center inmates must share hair clippers and toe-nail clippers without proper cleaning solutions; that laundry of all inmates, including those with staph infections, is being washed together; and that inmates are living with other inmates with hepatitis C and TB.

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  "To the extent that [] conditions [of confinement] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Plaintiff's allegations do not suggest "serious deprivation of basic human needs" or "the wanton and unnecessary infliction of pain," that constitutes cruel and unusual punishment.  *Id.*  Plaintiff fails to allege that he was denied sufficiently nutritious meals for any appreciable amount of time.  *See Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.").  Plaintiff further fails to allege that he has contracted any illness or disease

based on the alleged unsanitary practices of the jail and, because he is now incarcerated at the

Green River Correctional Complex, there is no longer any risk of contraction or other injury.

These conditions-of-confinement claims must, therefore, be dismissed for failure to state a claim

upon which relief may be granted.

### 5.  Transfers

Plaintiff alleges that Defendants Curry and Todd are "charging people for transfers

$205.00 to go to where ever they going, but only going half way changing cars, and get 3 people

in place of the one, who payed for it" and "holding state inmates here for the money and not

transfering them at proper times."  As with many of Plaintiff's allegations, Plaintiff again fails to

demonstrate that *he* has been charged for a transfer or how such a transfer constitutes a

constitutional violation.  He further fails to allege that *he* was held without being timely

transferred.  In any event, the law is clear that a prisoner has no right to be incarcerated in a

particular institution or a particular part of an institution.  *See Montanye v. Haymes,* 427 U.S.

236 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *Wilson v. Yaklich*, 148 F.3d 596,

601 (6th Cir. 1998).

 For the reasons set forth more fully above, Plaintiff has failed to state a claim against

Defendants Curry and Todd, and the claims against those Defendants must be dismissed.

The Court will enter a Scheduling Order governing the development of the continuing

Fourth Amendment illegal seizure claim and Fourteenth Amendment equal protection claim

regarding the allegedly illegal stop on April 2, 2007, to proceed against Defendant McPherson in

his individual capacity for damages.

The Court will enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005