UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DAVID WAYNE MOSS                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:08-CV-P23-M

MARK CURRY et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION

Defendant Brendan McPherson has filed a motion for summary judgment (DN 21). Plaintiff has responded, and Defendant has replied. The matter being ripe, the Court will grant Defendant's motion for the following reasons.

## I. FACTS

In his complaint, Plaintiff alleged with regard to Defendant McPherson, a state trooper, "unnecessarily suggestive police practices, Including a Illegal stop on one David Moss, no probable cause was ever given for stop The only reason was Large Black male was a passager violates Fifth & Fourteeth Amendments (2 April 07)." He further alleged that Defendant State Trooper McPherson made racist remarks when he said, "you peice of shit you made me accessary for your crime nigger If this cell phone belongs to the victim your Black ass is going to get 50 yrs."

On initial review, the Court dismissed Plaintiff's claims against the other named Defendants and the official capacity claims against Defendant McPherson, but allowed a Fourth Amendment illegal seizure claim and a Fourteenth Amendment equal protection claim regarding the allegedly illegal stop on April 2, 2007, to proceed against Defendant McPherson in his individual capacity for damages.

## II. ANALYSIS

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In his summary-judgment motion, Defendant argues that he is entitled to qualified immunity, that the stop was constitutional, and that he is entitled to judgment in his favor because Plaintiff's claims against him are barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). Attached to the motion for summary judgment is a copy of a

motion to suppress filed by Plaintiff in his state-court criminal case. That motion challenged the stop of Plaintiff on April 2, 2007. Also attached are a copy of the state trial court's decision denying that motion and a copy of the Kentucky Supreme Court's affirmance of his conviction.

In his response to Defendant's motion, Plaintiff argues that the stop was unconstitutional. Plaintiff does not argue that the *Heck* doctrine does not bar his claims. Because the Court finds that Plaintiff's claims against Defendant McPherson are barred by the *Heck* doctrine, the Court will not address Defendant's other arguments raised in his summary-judgment motion.

The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted).

A ruling in Plaintiff's favor that Defendant McPherson's stop on April 2, 2007, was unconstitutional would render Plaintiff's conviction invalid. Because Plaintiff's state court conviction has not been reversed, expunged, declared invalid, or called into question, his claims against Defendant are barred by the *Heck* doctrine.

3

## III. CONCLUSION

For the foregoing reasons, by separate Order, Defendant's motion for summary judgment will be granted.

Date:


cc: Plaintiff, *pro se*
    Counsel of record
4414.009